In re GRIFFIN.

(District Court, N. D. Georgia.    May 27, 1910.)

No. 473.

BANKRUPTCY (§ 384*)—COMPOSITION—CONFIRMATION—OBJECTIONS—FRAUD.

    Under Bankr. Act July 1, 1898, c. 541, § 12, 30 Stat. 549 (U. S. Comp. St. 1901, p. 3426), providing that the judge shall confirm the composition of a bankrupt with his creditors, if satisfied that the bankrupt has not been guilty of any of the acts or failed to perform any of the duties which would bar his discharge, and section 14, as amended by Act Feb. 5, 1903, c. 487, § 4, 32 Stat. 797 (U. S. Comp. St. Supp. 1909, p. 1310), providing for the denial of a discharge, on proof that the bankrupt has obtained property on credit from any person on a materially false statement in writing, made to such person to obtain such property on credit, proof that the bankrupt had made a false written statement of his assets to a creditor objecting to his proposed composition for the purpose of obtaining goods on credit, which he was successful in doing, required denial of the composition, though it would prevent creditors from getting as much as they otherwise would.

    [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 384.*]

In the matter of M. M. Griffin, bankrupt. Application for confirmation of composition, to which the Silvey-Smith Hat Company filed objections. Objections sustained.

Smith, Hammond & Smith, for objectors.
McLaughlin, Jones & Jones, for bankrupt.

NEWMAN, District Judge. The above bankrupt, M. M. Griffin, has applied to the court for the confirmation of a composition, which he has offered to his creditors and which has been accepted by a majority in number and amount. Objection is made to the confirmation of the composition by the Silvey-Smith Hat Company for the following reason:

"Because said bankrupt obtained the property on credit from them upon a materially false statement in writing, made to them for the purpose of obtaining such property on credit; such statement being made on June 28, 1909, and being, as therein shown, made 'for the purpose of obtaining credit,' and standing 'good as to each purchase now and hereafter, unless there should be a material change, in which case [I or we] will notify them before making purchases from them.' Copy of said statement is hereto attached and made a part hereof, marked 'Exhibit A.' On such statement these objectors sold said bankrupt goods from time to time, and at the time the petition in bankruptcy was filed said bankrupt was and is indebted to these objectors on account of such purchases, as shown by statement of account hereto attached and made a part hereof, marked 'Exhibit B,' to which reference is prayed as often as may be necessary. Said statement was materially false, in that said bankrupt represented therein one house and lot located in Manchester, Georgia, of the value of $1,000, as among his assets. Said house and lot was at the time the property of said bankrupt's wife, and is still her property."

It appears, from the written statement of the bankrupt made to the objectors, which is in evidence, that among other assets shown by the statement, which amounted in all to $3,450, he claimed to have a house and lot located in Manchester, Ga., where he was doing business, of the value of $1,000. He now acknowledges that he did not own this house and lot, but that it belonged to his wife. That this was a material statement is clear, and that it was untrue is now equally clear.

Section 14 of the bankrupt act of July 1, 1898 (30 Stat. 550, c. 541 [U. S. Comp. St. 1901, p. 3427]), as amended in 1903 (Act Feb. 5, 1903, c. 487, § 4, 32 Stat. 797 [U. S. Comp. St. Supp. 1909, p. 1310]), makes one of the grounds of objection to discharge:

"(3) Obtained property on credit from any person upon a material false statement, in writing, made to such person for the purpose of obtaining such property on credit."

Section 12 of the act provides:

"The judge shall confirm the composition if satisfied that * * * (2) the bankrupt has not been guilty of any of the acts, or failed to perform any of the duties, which would be a bar to his discharge."

It may be that to sustain the objection will prevent the creditors from getting as much as they would if the composition was accepted, but this cannot be considered in passing upon this objection. As Judge J. B. McPherson, in the District Court for the Eastern District of Pennsylvania, in a case very much like this (In re Godwin, 122 Fed. 111), said:

"It is very likely that the creditors may loose by the defeat of the proposed composition; but this consideration cannot be allowed to influence the court in deciding whether the bankrupt has been 'guilty of any of the acts, or failed to perform any of the duties, which would be a bar to his discharge.' Bankr. Act July 1, 1898, c. 541, § 12, cl. 'd' (U. S. Comp. St. 1901, p. 3427). I agree with the learned referee that the testimony establishes the fact satisfactorily that the bankrupt has committed one of the offenses specified in sec-

tion 14, cl. 'b.' He has 'with fraudulent intent to conceal his true financial condition and in contemplation of bankruptcy destroyed, concealed or failed to keep books of account or records from which his true condition might be ascertained.' This being so, I think the act requires me to refuse approval of the composition, without regard to the question whether the creditors would be benefited thereby; and the fact that only one creditor is actively objecting, while a large majority is in favor of taking what the bankrupt offers, is of no importance in the present inquiry."

The objection must be sustained, and the confirmation of the composition refused.